

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-5374
Re: What is the procedure to be followed in the appointment of a special county judge, and would the person appointed possess the same authority, duties and powers as the duly elected county judge? And another question.

Your letter of June 4, 1943, requesting the opinion of this department on the questions stated therein reads in part as follows:

"Our County Judge, Geo. O. Crump, suffered a stroke of paralysis, Friday May 14, and is temporarily incapacitated to attend to the duties of his office. Subsequent to the May 14 attack, another light attack has made it evident that it will be some time--perhaps months--before he will be physically able to continue in his official capacity.

"Under these circumstances, please inform me as to the procedure in the appointment of a pro-tempore judge, and whether such person appointed to temporarily carry on the County Judge's duties possesses the same authority, duties, and powers as the duly elected County Judge.

"In the event that a member of the Commissioners' Court is appointed to preside over its meetings or to act as pro-tempore County Judge, then, and in that event, can four members of the Commissioners'-Court, including Commissioner acting as presiding officer or pro-tempore judge, levee a tax with all present except incapacitated County Judge?"

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Herms, Jr., page 2

It is noted that in the second paragraph of your letter you inquire "as to the procedure in the appointment of a pro-tempore judge." For the purposes of this opinion we assume that you have reference to a special county judge. We have been unable to find any authority whatsoever authorizing the appointment of a pro-tempore county judge. Insofar as we have been able to determine, the position or office of pro-tempore county judge does not exist under the laws of this State.

Section 16, Article V of the State Constitution, provides in part as follows:

". . . When the judge of the county court is disqualified in any case pending in the county court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law."

Articles 1930, 1931, 1932, 1933, 1934, Vernon's Annotated Civil Statutes, and Articles 554, 555, 556 and 557, Vernon's Code of Criminal Procedure, pertain to the selection, election or appointment of special county judges. We have quoted and discussed these articles in our Opinions Nos. 0-3091 and 0-4578 relative to questions involved in said opinions. We are enclosing copies of these opinions for your convenience. Therefore we deem it unnecessary to quote these articles at length in this opinion.

It is stated in Texas Jurisprudence, Volume 25, page 314:

"There are three modes in which a judge may be selected to take the place of a regular county or district judge: First, if the regular judge fails to appear at the appointed time and place for holding his court, an election of a special judge must be held in accordance with the statutory provisions; second, if the regular judge is from any cause disqualified to try a case, the parties thereto may by agreement appoint a special trial judge; third, should the parties fail to agree on a special judge, an appointment may be made by the governor. The special judge selected in any of these modes should possess the necessary qualifications, and should take the oath of office."

Honorable W. P. Herms, Jr., page 3

We quote further from Texas Jurisprudence, Volume 25, pages 306-308, as follows:

"Provisions for the selection of special judges are contained in the Constitution, the Revised Statutes and the Code of Criminal Procedure. These provisions are strictly construed, and, needless to say, in the case of a conflict among them the constitution will control. . . .

"* . . . .

"The selection or appointment of a special judge is proper only upon the conditions specified in the constitution and statutes. According to such conditions a special county or district judge may be selected by consent of the parties when the regular judge is disqualified; and an election of a special judge by attorneys is proper should a district judge 'fail or refuse to hold the court,' or, in the case of county judges, if the judge 'fails to appear at the time appointed for holding the court, or should he be absent during the term or unable or unwilling to hold the court.' The foregoing are the only circumstances in which the selection of a special county or district judge is authorized. . . ."

With reference to the powers and duties of a special judge elected by the attorneys of the bar, generally speaking it is stated in Texas Jurisprudence, Volume 25, page 325:

"During the continued absence of the regular judge, or his continued unwillingness to serve, a special judge elected by the attorneys is, within the meaning of the constitution and laws, a judge of the court. . . . He has all the authority of a regular judge with respect to cases that properly come before him, or, at least, he has such of the regular judge's powers as are necessary to enable him to transact the business of the court. An elected special judge may preside - even at a special term of court - in all cases in which he is not disqualified; his authority is not limited to the trial of cases in which the regular judge is not disqualified. He may dispose of the unfinished business of the regular incumbent or of another special judge;

Honorable W. F. Herms, Jr., page 4

he may adjourn court from day to day; and he may validate acts of his predecessor. It seems, however, that a special judge has no authority beyond the particular court which he is elected to hold."

"A judge appointed specially to try one cause may not try any other cause pending in the court unless he be appointed for that purpose by the parties to the suit. However, such a judge has full authority to hear and determine, not only the particular suit pending, but also any litigation between the same parties growing out of the suit. A judge appointed to try a cause which has been consolidated with others has jurisdiction over each of the consolidated causes, but he may not consolidate the case that he has been selected to try with other pending cases." (Texas Jurisprudence, Volume 25, page 328, Texas-Mexican Railway Co. v. Cahill, 23 S. W. 232; Daniel v. Bridges, 11 S. W. 121; Harris v. Musgrave, 9 S. W. 90)

As heretofore stated the selection or appointment of special county judge is proper only upon the conditions specified in the Constitution and statutes. We fail to find any statute authorizing the election or appointment of a special county judge to preside over or act as a member of the commissioners' court. Therefore, it is our opinion, that no special county judge can be elected or appointed to perform such duties.

We now consider your second question. Articles 2354 and 7045, Vernon's Annotated Civil Statutes, read as follows:

"Art. 2354. No county tax shall be levied except at a regular term of the court, and when all members of said court are present."

"Art. 7045. The commissioners courts of the several counties, all the members thereof being present, at either a regular or special session, may at any time after the tax assessors of their respective counties have forwarded to the Comptroller the said certificate and prior to the time when the tax collector of such county shall have begun to make out his receipts, calculate the rate and adjust the taxes levied in their respective counties for general purposes to the taxable values shown by the assessment rolls."

Honorable W. P. Herms, Jr., page 5

Construing Article 7045, Vernon's Annotated Civil Statutes, the Supreme Court in the case of Cramer v. Sheppard, 167 S. W. (2d) 147, said:

"To our minds, it is illogical to contend that the construction we have given these constitutional provisions would make it impossible for a county commissioners' court to fix tax rates, if a member thereof should be absent for the same reason Judge Dixon was absent, because Article 7045 of our Civil Statutes requires all members of such courts to be present when county tax rates are fixed. Certainly a statute cannot override the Constitution. Where the Constitution permits a member to be absent, a statute cannot require him to be present. It follows that in such instance Article 7045, supra, cannot be applied as to the member absent by constitutional authority."

In the case of Broocks v. State, 41 S. W. (2d) 714, it is said that:

"The commissioners' court may levy taxes only at a regular term with all members present."

The Supreme Court of Texas in construing Article 1517 (which is now Article 2354, supra), said:

"Article 1515 gave a power to levy taxes for county purposes, and Article 1517 imposed limitations as to the mode of imposing taxes as follows: No county tax shall be levied except at a regular term of the court, and when all the members of such court are present. Unquestionably, the Legislature had the power to make this rule. The limitation admits of no construction. The meaning is clear; courts cannot alter it or dispense with it. A tax levied at a called session of the court, or without the presence of the full membership, is not levied according to law, and cannot authorize the tax collector to seize and sell property to enforce its collection." (Free et al. v. Scarborough, 3 S. W. 490)

In the matter under consideration the county judge is not absent by permission of the Constitution. Therefore, it is the opinion of this department that the case of Cramer v. Sheppard, supra, is not applicable to the question presented in

Honorable W. P. Herms, Jr., page 6

your inquiry. It is our further opinion that the case of Broocks v. State, and the case of Free et al. v. Scarborough, supra, are controlling regarding the question under consideration, which is the levying of a tax. Therefore, the four county commissioners cannot levy a tax in the absence of the county judge.

In connection with the foregoing statements we direct your attention to Senate Bill No. 245, Acts 48th Legislature, Regular Session, 1943, which reads as follows:

"Section 1. The provisions of Article 7045 and Article 2354, Revised Civil Statutes of Texas, 1925, relative to the levying of taxes by the County Commissioners' Court are hereby suspended until May 1, 1945.

"Sec. 2. No county tax shall be levied except at a regular term of the court, and when all members of said court are present. Provided, however, that if any member or members of the Commissioners Court or the County Judge is in active military or naval service, county taxes may be levied at any regular term of the Commissioners Court when a quorum of its members are present. This section shall be effective until the date set out in Section 1.

"Sec. 3. The Commissioners Court of the several counties, all the members thereof being present at either a regular or special session, may at any time after the Tax Assessors of their respective counties have forwarded to the Comptroller the said certificate, and prior to the time when the Tax Collector of such county shall have begun to make out his receipts, calculate the rate and adjust the taxes levied in their respective counties for general purposes to the taxable value shown by the assessment rolls; provided, however, that if any member or members of the Commissioners Court or the County Judge is in active military or naval service, county taxes may be levied at any regular term of the Commissioners Court when a quorum of its members are present. This Section shall be effective until the date set out in Section 1 of this bill.

Honorable W. P. Herms, Jr., page 7

"Sec. 4. The crowded condition of the calendar creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

This Act was approved May 7, 1943, and becomes effective 90 days after the date of adjournment of the Legislature. This Act is not now effective and under the facts presented it will have no application to the question under consideration as the county judge is not in active military or naval service.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:db

Enclosures

APPROVED JUN 18, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN